FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 20 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DARREN PATTERSON,

                Petitioner,

  -against-

ROBERT CUNNINGHAM, Superintendent,
Woodbourne Correctional Facility

                Respondent.
------------------------------------------------------------------X

MEMORANDUM & ORDER

11-CV-480 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

    Darren Patterson ("Patterson") brings this pro se Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254, challenging the length of his sentence and the rescheduling of his parole date. He asserts that the Department of Correction Services ("DOCS") changed his sentence length without affording him Due Process consistent with the 14th Amendment. For the reasons set forth below, the Petition is transferred to the United States Court of Appeals for the Second Circuit.

I. BACKGROUND

A. Patterson's Convictions and Sentences

    In March 1993, Patterson committed a string of robberies while he was on parole. (Pet. for Writ of Habeas Corpus (Docket #1) at 2-3.) Patterson was arrested on March 25, 1993. (Id. at 3.) Patterson was tried and convicted of the crimes charged in Indictments 1414-93 and 1468-93 at separate jury trials in 1994 and of the crimes charged in Indictment 1353-93 at a jury trial in 1995. (Id. at 2; Sentencing Tr. (Ex. R to Decl. in Opp'n to the Pet. for a Writ of Habeas Corpus (Docket #6-3)) at 360.)

1

On February 9, 1995, Patterson was sentenced for the crimes charged within Indictments 1414-93 and 1468-93. (Sentence and Commitment Form for Indictment 1414-93 (Ex. I to Article 78 Pet. (Ex. A to Decl. in Opp'n to the Pet. for a Writ of Habeas Corpus)) at 37; Sentence and Commitment Form for Indictment 1468-93 (Ex. K to Br. for Resp't in Opp'n to the Article 78 Pet. (Ex. B to Decl. in Opp'n to the Pet. for a Writ of Habeas Corpus)) at 94.) Indictment 1414-93 consisted of two counts of robbery in the first degree, three counts of robbery in the second degree, one count of burglary, and one count of criminal possession of stolen property. (Sentencing Tr. (Ex. R to Decl. in Opp'n to the Pet. for a Writ of Habeas Corpus) at 365-67.) Patterson was convicted on all counts. (Id.) The sentences for each count were to run concurrently. (Id. at 367.) The counts for robbery in the first degree and burglary in the first degree provided the longest sentence of twelve to twenty-four years of incarceration. (Id. at 365-67.) Indictment 1468-93 consisted of one count of robbery in the first degree and one count of robbery in the second degree. (Id. at 367-68.) Patterson was convicted of both counts. (Id.) The sentences for the two counts were to run concurrently. (Id. at 368.) The longer sentence was for robbery in the first degree and was for twelve to twenty-four years. The sentences imposed for the counts in Indictment 1468-93 would run consecutively to those given for the counts in Indictment 1414-93. (Id.)

On March 14, 1995, Patterson received a computation sheet from the DOCS that set his parole eligibility date as March 20, 2017, his conditional release date as March 20, 2025, and his maximum expiration date as March 20, 2041. (Legal Date Computation (Exs. C to Reply Pet. for a Writ of Habeas Corpus & Mem. of Law to Resp't's Opp'n (Docket #9-1)) [hereinafter Reply Pet.] at 25.) Each sentence was for a length of twelve to twenty-four years. (Sentence and Commitment Form for Indictment 1414-93 (Ex. I to Article 78 Pet. (Ex. A to Decl. in Opp'n to

2

the Pet. for a Writ of Habeas Corpus)) at 37; Sentence and Commitment Form for Indictment 1468-93 (Ex. K to Br. for Resp't in Opp'n to the Article 78 Pet. (Ex. B to Decl. in Opp'n to the Pet. for a Writ of Habeas Corpus)) at 94.) The sheet displayed the sentences as consecutive to one another. (Legal Date Computation (Exs. C to Reply Pet.) at 25.)

Patterson also received a letter from the Parole Board dated March 13, 1995 listing the date his parole was deemed violated. (Notice of Final Declaration of Delinquency by Board of Parole (Ex. I to Br. for Resp't in Opp'n to the Article 78 Pet. (Ex. B to Decl. in Opp'n to the Pet. for a Writ of Habeas Corpus)) at 89.) The letter also explained that Patterson's undischarged parole time, which is "[t]he time from the established date of delinquency to [the] scheduled maximum expiration of the sentence[] on the prior conviction," may be added by the DOCS to the maximum expiration term of the new sentence. (Id.) Patterson's undischarged parole time was seven years, three months, and twenty-seven days. (Legal Date Computation (Exs. C to Reply Pet.) at 26.)

On July 13, 1995, Patterson was sentenced for the crimes he was charged within Indictment 1353-93. (Sentence and Commitment Form for Indictment 1353-93 (Ex. M to Br. for Resp't in Opp'n to the Article 78 Pet. (Ex. B to Decl. in Opp'n to the Pet. for a Writ of Habeas Corpus)) at 98.) Indictment 1353-93 consisted of four counts of robbery in the first degree; Petitioner was convicted of all counts. (Sentencing Tr. (Ex. S to Decl. in Opp'n to the Pet. for a Writ of Habeas Corpus) at 384.) The sentences for the counts were to run concurrently. (Id.) The sentence was for twelve to twenty-four years. (Id.) The sentences for Indictment 1353-93 were to run consecutive to Patterson's time that he was serving for the crimes he was convicted of in Indictments 1414-93 and 1468-93. (Id.)

On August 1, 1995, Patterson received another computation sheet from the DOCS, adding his sentence under Indictment 1353-93. (Legal Date Computation (Ex. H to Article 78 Pet. (Ex. A to Decl. in Opp'n to the Pet. for a Writ of Habeas Corpus)) at 35.) The DOCS added the sentence given pursuant to Indictment 1353-93 as an additional <u>concurrent</u> sentence. (Id.) This was in error. (Sentencing Tr. (Ex. S to Decl. in Opp'n to the Pet. for a Writ of Habeas Corpus at 384.) The judge stated that the sentence under Indictment 1353-93 was to run "<u>consecutive</u> to the time he is now serving." (Id.) (emphasis added) In addition to adding the sentences for the crimes charged in Indictment 1353-93, the DOCS also added Patterson's undischarged parole time of seven years, three months, and twenty-seven days. (Legal Date Computation (Ex. H to Article 78 Pet. (Ex. A to Decl. in Opp'n to the Pet. for a Writ of Habeas Corpus)) at 35.) Patterson's parole eligibility date was set as March 20, 2017, his conditional release date was set as February 8, 2030, and his maximum expiration date was set as July 17, 2048. (Id.)

On April 1, 1999, the New York Court of Appeals reversed Petitioner's conviction for the crimes charged in Indictment 1468-93, and the indictment was dismissed. <u>People v. Patterson</u>, 93 N.Y.2d 80 (1999); (Order Discharging Defendant (Ex. N to Br. for Resp't in Opp'n to the Article 78 Pet. (Ex. B to Decl. in Opp'n to the Pet. for a Writ of Habeas Corpus)) at 100.) Patterson then received a revised computation sheet from the DOCS reflecting dismissal of the convictions in Indictment 1468-93 on November 4, 1999. (Legal Date Computation (Exs. C to <u>Reply Pet.</u>) at 26.) The DOCS had not yet corrected its previous error of computing the sentence for Indictment 1353-93 as an additional concurrent, rather than consecutive, sentence. His parole eligibility date was set as March 20, 2005, his conditional release date was set as February 8, 2014, and his maximum expiration date was set as July 17, 2024. (Id.)

On April 16, 2002, the DOCS corrected its error and sent Patterson a new computation sheet. (Legal Date Computation (Exs. C to Reply Pet.) at 27.) The sentence for the crimes charged in Indictment 1353-93 was listed as a consecutive term instead of an additional concurrent term. (Id.) In addition, the DOCS applied a reduction statute, reducing his sentence from twenty-four to forty-eight years to twenty to forty years. (Id.) Patterson's parole eligibility date was then set as March 20, 2013, his conditional release date was set as October 8, 2024, and his maximum expiration date was set as July 17, 2040.[1] (Id.)

## B. Patterson's First Petition for Writ of Habeas Corpus

On July 30, 2007, Patterson brought a petition for writ of habeas corpus. (Pet. for Writ of Habeas Corpus (Docket #1) at 1, Patterson v. Ercole, 07 Civ. 3174 (E.D.N.Y. July 30, 2007).) He attacked his conviction under Indictment 1353-93, arguing ineffective assistance of counsel. (Id. at 9.) The court determined that his conviction became final on or about September 23, 1997 and that his petition might be time-barred. (Order (Docket #2) at 1, Patterson v. Ercole, 07 Civ. 3174 (E.D.N.Y. August 8, 2007).) The court issued Patterson an Order to Show Cause directing Patterson to give an affirmation explaining his petition was not time-barred. (Id.) Patterson submitted an affirmation alleging that the petition was timely, as he did not know the factual predicate of the claim until December 2004. (Affirmation (Docket #3) at 1, Patterson v. Ercole, 07 Civ. 3174 (E.D.N.Y. September 28, 2007).) The court found that the statute of limitations had run, and that he could not show any basis for equitable or statutory tolling. (Order (Docket

---

[1] The parole eligibility date is the date after the expiration of the minimum period of the sentence. See N.Y. Penal Law § 70.40(1)(a)(i). The reduction of Patterson's sentence by four years on the minimum sentence period and eight years on the maximum sentence period due to the statute accounts for the difference in his parole eligibility date from the computation in 1995 and the computation in 2002. According to the computation sheets, the undischarged parole time was added to his conditional release date and maximum expiration date, but not his minimum sentence period.

5

#4) at 5, Patterson v. Ercole, 07 Civ. 3174 (E.D.N.Y. October 18, 2007).) The petition was dismissed. (Id.)

### C. Patterson's Petition for Writ of Habeas Corpus Before this Court

Patterson filed the instant Petition on January 28, 2011 pursuant to 28 U.S.C. § 2254. (Pet. at 1.) Because he is pro se, his Petition will be construed liberally. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). The court reads the Petition to argue that, in 2002, the DOCS violated his right to Due Process by reclassifying the sentence for the crimes charged in Indictment 1353-93 as consecutive and thereby improperly recalculating his parole eligibility date from January 2005 to 2013. He also claims that the DOCS added his undischarged parole time without any notice, which added seven years, three months, and twenty-seven days to his sentence.

### II. Standard of Review

When a petitioner brings multiple petitions for a writ of habeas corpus, a court must determine if the latter petition is "second or successive" to the first petition. James v. Walsh, 308 F.3d 162, 167. (2d Cir. 2002). A petition is second or successive when "it raises a claim that was, or could have been, raised in an earlier petition." Id.; Adams v. Corcoran, 416 Fed. Appx. 84, 85 (2d Cir. 2011). A petition will not be deemed successive if the first petition was not adjudicated on the merits. See Murray v. Greiner, 394 F.3d 78, 80 (2d Cir. 2005). Dismissal of a petition "for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." Id. at 81.

According to 28 U.S.C. § 2244(b), no court shall entertain a writ if "it appears that the legality of such detention has been determined by a judge or court of the United States on a prior

6

application for a writ of habeas corpus . . . ." In order for this court to consider a successive habeas petition, the petitioner must first move in the appropriate court of appeals for authorization for this court to consider the application. See 28 U.S.C. § 2244(b)(3).

**III. Discussion**

Patterson's Petition is a successive petition. Patterson filed his first petition on July 30, 2007. Since his first petition was time-barred, it is an adjudication on the merits. See Murray, 349 F.3d at 81; (Order at 5, Patterson v. Ercole, 07 Civ. 3174 (E.D.N.Y. October 18, 2007).) Even though Patterson appears to make different claims in his second petition, these claims could have been brought in the 2007 petition.

Patterson had notice of the recalculation of his sentence before the 2007 petition. He received a computation sheet from the DOCS in 2002 which changed the sentence for Indictment 1353-93 to a consecutive one. (Legal Date Computation (Exs. C to Reply Pet.) at 27.) The computation sheet lists the sentence as a new consecutive term and lists Indictment 1353-93 as the reason for the extension. (Id.) Additionally, Patterson referenced the issue of recalculation in a 2002 letter to the DOCS. (Letter from Darren Patterson, Inmate, Attica Corr. Facility to Frank Headley, Deputy Comm'r of Faculty Servs., Dep't of Corr. Servs. (Ex. B1 to Reply Pet.) at 17.)

Patterson also had notice regarding his undischarged parole time. Patterson received a letter from the Parole Board on March 13, 1995 informing him that his undischarged parole time may be added to his sentence. (Notice of Final Declaration of Delinquency by Board of Parole (Ex. I to Br. for Resp't in Opp'n to the Article 78 Pet. (Ex. B to Decl. in Opp'n to the Pet. for a Writ of Habeas Corpus)) at 89.) Patterson also received time computation sheets in 1995, 1999, and 2002 that showed the date he was declared delinquent from parole and his time owed.

(Legal Date Computation (Ex. F to Article 78 Pet. (Ex. A to Decl. in Opp'n to the Pet. for a Writ of Habeas Corpus)) at 31; Legal Date Computation (Ex. I to Article 78 Pet. (Ex. A to Decl. in Opp'n to the Pet. for a Writ of Habeas Corpus)) at 38; Legal Date Computation (Exs. C to Reply Pet.) at 27.) Patterson also could have received notice of the recalculation of his parole from the 2002 computation sheet. (Legal Date Computation (Exs. C to Reply Pet.) at 27.) Even if Patterson did not receive these notices, he would have known that the state believed he was ineligible for parole in 2005 when he did not receive a parole hearing. Patterson, therefore, is presumed to know of both claims before 2007, and could have brought them with his original petition.

Because the Petition is a successive petition, this court lacks jurisdiction to address it on the merits. This court is required to transfer this petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. See Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003).

## IV. Conclusion

For the foregoing reasons, the court TRANSFERS the instant application to the United States Court of Appeals for the Second Circuit. If the Second Circuit authorizes Petitioner to proceed in this matter, Petitioner shall move to reopen this proceeding under this docket number. This order closes the case.

SO ORDERED.

Dated: Brooklyn, New York  
June 15, 2012

/S/  
NICHOLAS G. GARAUFIS  
United States District Judge