D/F
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 20 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANTHONY SAMEDI,

                              Petitioner,

        -against-

WILLIAM A. LEE, Warden, Green Haven
Correctional Facility,

                              Respondent.
------------------------------------------------------------------X

MEMORANDUM & ORDER

10-CV-4194 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Petitioner Anthony Samedi's application for a writ of habeas corpus ("Application"). (Docket Entry #1.) Samedi challenges his state court conviction and sentence for second-degree assault and second-degree criminal weapon possession. Samedi asserts two claims: (1) that the evidence was legally insufficient to establish Samedi's identity; and (2) that the verdict was against the weight of the evidence. For the reasons set forth below, the Application is DENIED.

## BACKGROUND

On March 13, 2006, Samedi was convicted in the New York State Supreme Court, Queens County, of second-degree assault and second-degree criminal weapon possession. (Decl. in Opp'n to Pet. for Writ of Habeas Corpus (Docket Entry # 11) at 8.) The charges stemmed from an attack on William Bull as Bull left Samedi's sister's apartment. (Id.)

Bull was the state's only witness. He testified that on November 6, 2004, he visited Samedi's sister, Michelle Samedi, at her apartment. (Id. at 10.) Bull testified that he and Michelle Samedi began to argue, and that Michelle asked Bull to leave her apartment. Bull threatened Michelle, and she called her brother. (Id. at 10, 11.)

1

According to Bull, he left, and, as he was walking to the subway station, Samedi and two other men pulled up next to him in a car. (Id. at 11.) Samedi stepped out of the car and asked if Bull knew Michelle. (Id. at 11.) Samedi then took out a gun, and shot Bull in his legs and drove away. (Id. at 12.)

When the police arrived, Bull identified Samedi as the shooter to at least one officer, but then claimed he did not know who shot him to another officer. (Id.) Three days after the shooting, the police arranged for Bull to view a line-up, which included Samedi. (Id. at 13.) Bull again identified Samedi as the shooter. (Id.)

Samedi waived his right to a jury, and during his bench trial introduced two hand-written statements signed by Bull, dated November 19, 2004, and November 24, 2004, to the effect that Samedi was not the person who shot him. (Id. at 14-16.) Bull gave conflicting testimony about whether he was coerced to write the recantations. (Id.)

The trial court found that Bull's recantations were not reliable. It found that they were the result of Bull's close ties to the Samedi family. (Id. at 23.) Bull testified at trial that he wrote one recantation because Samedi's mother asked him to prepare it, and that the other was written with the help of Samedi's attorney. (Id. at 15, 52.) He testified that he signed both because he felt bad for the family and wanted to help Samedi get out of jail. (Id.) Bull repeated at trial that Samedi was the person who shot him and that the recantations were "incorrect." (Id.) The trial court also found that Bull's identification of Samedi from the police line-up undermined the credibility of the recantations because, in the recantations, Bull had claimed that he did not know what Samedi looked like. (Id. at 23.)

The trial court sentenced Samedi, a persistent violent felony offender, to concurrent indeterminate prison terms of twelve years to life for second-degree assault, and sixteen years to life for second-degree criminal weapon possession. (Id. at 24.)

Samedi appealed to the Appellate Division, Second Department, where he argued that the evidence was legally insufficient to establish that he was the shooter, and also that the verdict was against the weight of the evidence. (Id. at 24-37.)

The Appellate Division affirmed the judgment. People v. Samedi, 66 A.D.3d 923, 923 (N.Y. App. Div. 2009). The Appellate Division held that the claim that the evidence was legally insufficient was "unpreserved for appellate review." Id. The Appellate Division also held that, "In any event . . . [the evidence] was legally sufficient to establish the defendant's guilt beyond a reasonable doubt." Id.

Samedi sought leave to appeal both issues to the Court of Appeals. (Decl. in Opp'n to Pet. for Writ of Habeas Corpus (Docket #11) at 76.) The Court of Appeals denied leave. People v. Samedi, 13 N.Y.3d 910, 910 (2009). Samedi then timely filed the Application pursuant to 28 U.S.C. § 2254.

## DISCUSSION

### Standard of Review

Section 2254 affords relief only to prisoners held in custody by a state government in violation of the United States Constitution, or other federal law. 28 U.S.C. § 2254(a). Thus, the federal courts will only consider § 2254 claims based exclusively on federal law. With a few exceptions not relevant here, every claim that a prisoner makes in his § 2254 application must have been first raised in state court. See id. § 2254 (b) and (c). If a prisoner did not first fully litigate his § 2254 claims in state court, but the opportunity to do so has passed—if, for example,

the time to file a state-court appeal has run—then those claims are said to be "procedurally defaulted" and relief is precluded. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). Generally, claims that are denied in state court on the basis of state procedural law are similarly defaulted for the purposes of § 2254 review. See Wainwright v. Sykes, 433 U.S. 72, 84-85, 97 (1977). The rationale is that such state-court rulings constitute an "independent and adequate" state ground for decision, see id. at 81-92, and so there is no justification for a federal court to reach the federal issue. There are two exceptions to the state procedural bar. The first exception will be made if a prisoner can demonstrate "cause" for failing to comply with the state procedural rule, and "prejudice" rendered thereby. See id. at 92. Another exception occurs when failure to consider the claims would result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991).

A state court will sometimes reject a claim in ambiguous terms, stating that a claim is either unpreserved or without merit. When this occurs, "the conclusive presumption is that the adjudication rested on the merits." Hawkins v. Costello, 460 F.3d 238, 242 (2d. Cir. 2006).

**Claims**

Although Samedi only raises the ground of "recantation of testimony by victim and identification," (Application at 2.) the Application must be construed liberally because Samedi is pro se. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). Samedi appears to repeat claims raised in his counseled Appellate Division Brief. There, he challenged the sufficiency of the evidence, and argued the verdict was against the weight of the evidence. Accordingly, the court reads the Application as raising these two claims.

First, Samedi argues that the verdict is against the weight of the evidence. (Decl. in Opp'n to Pet. for Writ of Habeas Corpus (Docket Entry #11) at 28-35.) Samedi argues that the

testimony by the sole witness was contradictory and was not credible. (Id.) Samedi does not cite any federal law relating to this claim. (Id.)

Samedi's second claim is that the evidence was legally insufficient to identify him as the assailant. (Id. at 24-28.) Samedi contends that the witness's ability to accurately perceive events was hindered due to intoxication and that the testimony was contradictory. (Id.) Samedi bases this claim on the Due Process Clause of the Fourteenth Amendment. (Id. at 18-19).

**Analysis**

The court cannot review Samedi's weight of the evidence claim because it is not grounded in federal law. This claim is based exclusively on New York law and does not implicate the United States Constitution or any federal statute. See Parker v. Conway, 2010 U.S. Dist. LEXIS 44946, *12-13 (N.D.N.Y. 2010) (holding that weight of the evidence claim is purely a state law claim); People v. Bleakley, 69 N.Y.2d 490, 495, (1987) (weight of the evidence claims are based on N.Y. Crim. Pro. Law § 470.15(5), while legal sufficiency claims are based on federal due process).

Samedi's insufficient evidence claim is procedurally barred. A federal court "will not review questions of federal law presented in a § 2254 application when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment." Downs v. Lape, 657 F.3d 97, 101 (2d Cir. 2011) (internal quotation marks omitted) (quoting Cone v. Bell, 556 U.S. 449, 129 S. Ct. 1769, 1780 (2009)). A state procedural default will often constitute an independent and adequate state ground. See, e.g., Murray v. Carrier, 477 U.S. 478, 482-83, 497 (1986). (failure to comply with Virginia's appellate waiver rule constituted an independent and adequate state ground for denying a federal claim); Engle v. Isaac, 456 U.S. 107, 124, 129 (1982) (same with respect to Ohio's contemporaneous objection

rule); Wainwright, 433 U.S. at 84-85, 87 (same with respect to Florida's contemporaneous objection rule). The Second Circuit has recently held that failure to comply with New York's contemporaneous objection rule, New York Criminal Procedure Law § 470.05(2), generally constitutes an independent and adequate state-law ground for decision.[1] Downs, 657 F.3d at 104. Reliance on the rule will always be "independent" and will be "adequate" as long as the rule is not "exorbitantly misapplied" by the state court. (Id. at 100)

The Appellate Division relied on New York's contemporaneous objection rule to reject Samedi's legal sufficiency claim. People v Samedi, 66 A.D.3d 923, 923 (N.Y. App. Div. 2009) (noting that "defendant's contention that the evidence was legally insufficient to support his conviction is unpreserved for appellate review."). There is nothing indicating that its decision involved any exorbitant misapplication of the rule. The contemporaneous objection rule therefore constitutes an independent and adequate state ground for the Appellate Division's denial of Samedi's legal sufficiency claim.[2]

Even where a state procedural default serves as an independent and adequate state-law ground for decision, a prisoner may still secure federal habeas review of his claims if he can demonstrate "cause" and "prejudice," or if failure to consider the claims would result in a fundamental miscarriage of justice. Samedi, in his Application, does not attempt to show cause or prejudice for failing to raise the legal sufficiency claim, but he does assert that failure to

---

[1] The contemporaneous objection rule restricts the New York appellate courts' consideration of legal issues in a criminal case to those that were first raised before the trial court. See N.Y. Crim. Pro. Law § 470.05(2)

[2] Samedi contends that the ruling of the Appellate Division was ambiguous as to whether it was dismissed for being unpreserved or without merit. (Pet'r's Reply Mem. (Docket Entry #14) at 4.) The Appellate Division, however, clearly stated that the legal sufficiency claim was unpreserved. The state court did not say the decision was "either unpreserved or without merit;" rather, after ruling on preservation, the Appellate Division then ruled that, "in any event," the legal sufficiency claim was without merit. The Appellate Division therefore rested its decision on an independent and adequate state ground. See Green v. Travis, 414 F.3d 288, 294 (2d. Cir. 2005) (holding that "even when a state court says that a claim is not preserved for appellate review but then rules in any event on the merits, such a claim is procedurally defaulted." (internal quotation marks omitted)).

6

consider his federal claim will result in a fundamental miscarriage of justice. (Pet'r's Reply Mem. (Docket Entry #14) at 6.)

This exception is granted in "extraordinary case[s], where a constitutional violation has probably resulted in the conviction of one who is actually innocent . . . ." Murray, 477 U.S. at 496. This is not an extraordinary case that qualifies for the exception. A reasonable trier of fact could have found the evidence sufficient to convict Samedi. Bull identified Samedi from a line-up and there was evidence that his subsequent recantations were the product of coercion. (Decl. in Opp'n to Pet. for Writ of Habeas Corpus (Docket Entry # 11) at 23.) He claimed at trial that he signed the recantations because he felt sorry for Samedi's family and because Samedi's mother asked him to sign them. (Id. at 15, 52) Bull reiterated at trial that Samedi shot him, and that the two recantations were incorrect. (Id.) Samedi's conviction on this evidence did not constitute a fundamental miscarriage of justice.

## CONCLUSION

For these reasons, the Application is DENIED. No certificate of appealability shall issue because Samedi has not made a substantial showing of the denial of a constitutional right for the purposes of 28 U.S.C. § 2253.

SO ORDERED.

Dated: Brooklyn, New York
June 15, 2012

/S/
NICHOLAS G. GARAUFIS
United States District Judge

7